Opinion issued March 26, 2009













In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00925-CR




DAVID MATHEW KURTZEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 1066522




MEMORANDUM OPINION
          A jury convicted appellant, David Mathew Kurtzeman, of driving while
intoxicated, as a third offender. Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2)
(Vernon 2003 & Supp. 2008). In addition to the two prior felony driving-while-intoxicated convictions, the charge against appellant was enhanced with a charge of
driving with an open container on the instant offense and two prior felony
convictions: felony escape and felony DWI. The jury found the enhancements true
and assessed punishment at 99 years’ confinement. In three issues, appellant
challenges the legal and factual sufficiency of the evidence and argues that his
conviction should be reversed because of the prosecutor’s improper comment in
closing argument.



          We affirm.
Background
          Around 8:30 p.m on April 25, 2006, Harris County Sheriff’s Deputy R. Lomelo
was dispatched to a gas station, where he found appellant in the driver’s seat of a car
that was stopped, cockeyed, between two gasoline pumps. Appellant’s car was
resting on the concrete berm that supports the gasoline pumps. Appellant’s foot was
on the accelerator, and the car was in “drive.” Lomelo testified that appellant was
“slumped over,” mumbling and slurring his words, and that appellant smelled like
alcohol, specifically whiskey. Lomelo found a plastic bottle of whiskey in the car,
between the seats. Lomelo noticed an injury near appellant’s eye, and he called an
ambulance. Meanwhile, Lomelo helped appellant get out of the car and attempted to
give him field sobriety tests. Lomelo testified that appellant was unable to do the
horizontal gaze nystagmus because he was unable to keep his head still. Likewise,
appellant was unable to complete the one-legged stand because he kept dropping his
foot and weaving back and forth. Appellant was also unable to complete the walk-and-turn test.
          Although appellant denied driving the car, he was arrested for driving while
intoxicated. At the police station, he refused to take a breathalyzer test. Houston
Police Officer A. J. Mock testified that he saw appellant that night and that appellant
exhibited signs of intoxication including a strong odor of alcohol on his breath,
bloodshot eyes, poor balance, and slurred speech.
          Lomelo and another officer who responded recorded the situation using their
car-mounted cameras. These videotapes were played for the jury. Officer Lomelo
also testified that he spoke to appellant’s passenger, who appeared in one videotape. 
Lomelo said, “In the conversation she was picking on him, laughing at him because
she told him not to drive.” 
          At trial, appellant’s friend, Doris Helton, testified that she had been driving the
car that day, not appellant. She said they were fighting and she jumped out of the car,
leaving it running. She testified that appellant got out of the car, but she yelled at him
and then he sat in the driver’s seat. She testified that she had told the policemen that
appellant had not been driving. However, she also testified that she left the car near
the car wash and did not drive it near the gas pumps. She was arrested for public
intoxication. On cross-examination, she testified that she was previously convicted
of possession of an illegal substance.
          During the guilt/innocence phase, the State proved that appellant had been
convicted of driving while intoxicated on two prior occasions for offenses committed
in 1994 and 1996. During the punishment phase, the State proved an additional six
prior DWI convictions, four prior convictions for possession of marijuana, and a
conviction for escape, a felony. 
          In closing arguments at both the guilt/innocence and punishment phases, the
prosecutor commented that appellant could have killed someone or was going to kill
someone. Appellant’s timely objections were sustained. The jury found appellant
guilty and sentenced him to 99 years’ imprisonment. On appeal, he challenges the
legal and factual sufficiency of the evidence that he was driving the car. He also
argues that the prosecutor’s comments in closing arguments are reversible error.
Legal and Factual Sufficiency
Standard of Review
          When evaluating the legal sufficiency of the evidence, we view the evidence
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas
v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). The standard is the same for
both direct and circumstantial evidence cases. King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995). We do not resolve any conflict of fact, weigh any evidence,
or evaluate the credibility of any witnesses, as this is the function of the trier of fact.
See Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991). In conducting our review, we resolve
any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at
843.
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury’s resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury’s verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).
Driving While Intoxicated
          A person commits the offense of DWI if “the person is intoxicated while
operating a motor vehicle in a public place.” Tex. Penal Code Ann. § 49.04(a)
(Vernon 2003). The Texas Penal Code defines “intoxicated” as:
(A) not having the normal use of mental or physical faculties by reason
of the introduction of alcohol . . . into the body; or
 
          (B) having an alcohol concentration of 0.08 or more.

Id. § 49.01(2) (Vernon 2003). 
          Deputy Lomelo testified that he found appellant at a gas station, in the driver’s
seat of his car, with his foot on the accelerator and the car’s engine engaged in
“drive.” Lomelo testified that appellant was slumped over, mumbling, and unable to
complete field sobriety tests or get out of his car unaided. Lomelo also testified that
appellant smelled like whiskey and that he smelled alcohol on appellant’s breath. 
Viewing this evidence in the light most favorable to the verdict, we hold that the
evidence was legally sufficient. See Matson, 819 S.W.2d at 843.
          Helton testified that she was driving the car and that she left it near the car
wash. She said that after appellant got out of the car, she told him to get back in the
it, because she had left running. However, Lomelo testified that the car was between
the gasoline pumps. Helton’s testimony does not negate appellant’s operating the car
by moving it to another location at the gas station, especially in light of Lomelo’s
discovery of appellant behind the wheel, with his foot on the accelerator and the
engine in “drive.” Viewing the evidence in a neutral light, we cannot say that the
great weight and preponderance of the evidence contradicts the jury’s verdict. See
Watson, 204 S.W.3d at 417. We hold that the evidence was legally sufficient.
          We overrule appellant’s first and second issues.
 
Improper Closing Argument
          In his third issue, appellant alleges that the prosecutor’s improper comments
during closing at both the guilt-innocence and punishment phases deprived him of a
fair trial. 
          During the closing argument at guilt-innocence, appellant objected to the
prosecutor’s statement.
Prosecutor: He drove to that gas station. He wrecked into that pump. 
He nearly killed somebody, and he doesn’t want to take responsibility
for it.
 
Appellant’s Attorney: Judge, that’s outside the evidence. There’s no
evidence he almost killed somebody.
 
The Court: That’s sustained. The jury will be instructed to disregard
that last comment and not consider it for any purpose at all.
 
During the closing argument at punishment, appellant again objected to the
prosecutor’s statement.
Prosecutor: The facts of this case suggest that he is going to eventually
kill somebody. It’s not a far, you know, reach, someone’s going to die. 
It’s going to be one of your family members. 
 
          Appellant’s Attorney: Objection, your Honor, way outside the record.
 
          The Court: That’s sustained. Go ahead.
 
          To preserve error for appeal, a defendant must obtain an adverse ruling, by
objecting, requesting an instruction to disregard, and/or moving for a mistrial. Cook
v. State, 858 S.W.2d 457, 473 (Tex. Crim. App. 1996); Nethery v. State, 692 S.W.2d
686, 701 (Tex. Cr. App. 1985). “It is well settled that when appellant has been given
all the relief he requested at trial, there is nothing to complain of on appeal.” Cook,
858 S.W.2d at 473. Appellant’s objection was sustained. He did not seek an
instruction to disregard or move for a mistrial. We hold that no error was preserved. 
We overrule appellant’s third issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Taft, Bland, and Sharp.

Do not publish. Tex. R. App. P. 47.2(b).